WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Estate of Kevin L. Strickland, II,<br><br>    Plaintiffs,<br><br>vs.<br><br>Kimberly Nichole Strickland nka Kimberly Nichole Jacaruso, a single woman; John Does 1-10; Jane Does 1-10; ABC Corp.; MNO Association; Government Entities RST; and XYZ Partnership,<br><br>    Defendants. | CV-12-433-TUC-JGZ<br><br>**ORDER** |

This is an interpleader action brought to determine the rightful beneficiary of the proceeds of an employer-issued life insurance policy payable upon the death of Kevin Strickland. Claimants are Strickland's ex-spouse, Kimberly Nichole Jacaruso ("Jacaruso"), and the Estate of Kevin L Strickland, II ("Estate"). The parties have fully briefed the issues and asserted the bases for their claims to the policy proceeds. (Doc. 26, 27, 28, and 29.) After review of the parties' submissions, the Court concludes that Jacaruso is the lawful beneficiary of the insurance benefits.

**BACKGROUND**

Jacaruso and Strickland were married until May 19, 2011. During their marriage, and at the time of his death, Strickland was employed by General Dynamics Corporation, through

which employment he was covered by a Group Life Insurance policy (the "Policy") issued by the Prudential Insurance Company of America ("Prudential"). The Policy provided a combined Death Benefit of $455,000.00. As to payment of the insurance benefits, the Policy provided:

> You have right to choose a Beneficiary for each Coverage under this Prudential Group Contract.
>
> If there is a Beneficiary for the insurance under a Coverage, it is payable to that beneficiary . . .
>
> Any amount of insurance under a Coverage for which there is no Beneficiary at your death will be payable to the first of the following: your (a) surviving spouse; (b) surviving child(ren) in equal shares; (c) surviving parents in equal shares. . . .
>
> You may change the beneficiary at any time without the consent of the present Beneficiary. The beneficiary change form must be filed through the Contract Holder. The change will take effect on the date the form is signed. . . .

"Beneficiary" is defined in the Policy as "a person chosen, on a form approved by Prudential, to receive the insurance benefits."

Strickland designated Jacaruso as the sole beneficiary of the Policy during their marriage. On May 19, 2011, Strickland and Jacaruso divorced and were parties to a Consent Decree of Dissolution of Marriage ("Dissolution Decree"). In the Dissolution Decree, Strickland and Jacaruso agreed, and the state court ordered, with respect to Strickland's employment benefits:

> C. The Respondent [Strickland] is awarded 100% interest in any retirement benefits accrued by him through his employment through General Dynamics. Petitioner [Jacaruso] waived any interest she may have therein.
>
> D. That Respondent [Strickland] may maintain any life insurance policies on his life and would be free to name the beneficiaries thereof.

On September 17, 2011, Strickland died in a motor vehicle accident. At the time of his death, Jacaruso was the sole named beneficiary of the Policy. It is unclear whether Stickland re-designated Jacaruso as beneficiary of the Policy after their divorce or if he never changed that designation from the time of their marriage. The beneficiary information

provided to Prudential by General Dynamics after Strickland's death consisted of a copy of a screen shot of a General Dynamic's computer query for Strickland's beneficiary. The results of the query show Jacaruso as the sole beneficiary of the policy and list her relationship to Strickland as "ex-spouse." (Doc. 9-1, pg. 52.)

Prudential was prepared to pay Jacaruso the death benefit under the Policy in accordance with the beneficiary designation in the plan documents. To prevent the payment, Strickland's parents, first individually, and then in the name of the Estate, filed a complaint for declaratory judgment and a petition for a temporary restraining order against Prudential in Cochise County Superior Court. In the state court proceeding, the Estate asserted the beneficiary designation of Jacaruso was revoked pursuant to A.R.S. § 14-2804, Arizona's divorce revocation statute,[1] and, as a result, Strickland's parents were entitled to the death benefits because Stickland was not survived by a spouse or descendants.

After the case was removed to this Court, the parties agreed to entry of an order discharging Prudential from liability upon its deposit of the life insurance proceeds with the Clerk of Court. The Court retained jurisdiction in this action for purposes of determining to whom and how the death benefit should be distributed. The parties have submitted their legal memorandum in support of their claims for receipt of the insurance benefits. Jacaruso

---

[1] Section 14-2804 provides:

A. Except as provided by the express terms of a governing instrument, a court order or a contract relating to the division of the marital estate made between a divorced couple before or after the marriage, divorce or annulment, the divorce or annulment of a marriage:

   1. Revokes any revocable:

      (a) Disposition or appointment of property made by a divorced person to that person's former spouse in a governing instrument and any disposition or appointment created by law or in a governing instrument to a relative of the divorced person's former spouse.

. . .

C. Provisions of a governing instrument are given effect as if the former spouse and relatives of the former spouse disclaimed all provisions revoked by this section or, in the case of a revoked nomination in a fiduciary or representative capacity, as if the former spouse and relatives of the former spouse died immediately before the divorce or annulment.

3

asserts that she is the rightful beneficiary of the insurance proceeds because she is the designated beneficiary of the Policy, the Policy is an ERISA plan, and ERISA mandates that the Policy's proceeds be distributed to the designated beneficiary. The Estate has abandoned its claim that Jacaruso's designation as beneficiary was revoked by state statute. The Estate claims entitlement to the benefits on the ground that ERISA does not control distribution of the insurance proceeds now that those funds have been interpled with the court. The Estate further contends that there is no evidence of a valid beneficiary designation because the form disclosed by Prudential is deficient.

**DISCUSSION**

**1. The death benefits of the life insurance policy are governed by ERISA.**

The parties do not dispute that Strickland's employer-issued group life insurance policy was an ERISA-governed life insurance policy and employee welfare benefit plan. Such plans are administered by a fiduciary, here - Prudential. 29 U.S.C. § 1102(a)(1). An administrator and fiduciary of an ERISA policy is obligated to pay policy death benefits to the designated beneficiary according to the plan documents. 29 U.S.C. § 1104; *see Kennedy v. Plan Adm's for DuPont Sav. Andnv. Plan*, 555 U.S. 285, 303-04 (2009) (ERISA requires that plan administrators follow the dictates of the documents governing the plan); *Carmona v. Carmona*, 603 F.3d 1041, 1060-61 (9th Cir. 2010) (same). Strickland's life insurance policy provided: "If there is a Beneficiary for the insurance under a Coverage, [the insurance benefit] is payable to that beneficiary."  Therefore, if Strickland designated a beneficiary, Prudential was required to pay Strickland's death benefits to that beneficiary.

**2. Strickland designated Jacaruso as the sole beneficiary of the Policy.**

The only document provided by the parties that relates to beneficiary designation under the Policy was the computer screen shot which shows Jacaruso as the designated beneficiary at the time of Strickland's death. Through most of this litigation, the Estate has acknowledged that Jacaruso was the designated beneficiary. In its Complaint filed in

Cochise County,[2] the Estate alleged: "That prior to his death, at a time not known as yet, Mr. Strickland executed the Policy with Prudential and designated Kimberly Nichole Strickland as the sole beneficiary." (Complaint, Doc. 1-3, p. 21, ¶ VIII.) In that Complaint, the Estate relied on these factual admissions in support of its argument that Jacaruso's designation as beneficiary was revoked by state statute as a result of Jacaruso and Strickland's divorce. (Complaint, Doc. 1-3, p. 21, ¶ XII.) In its Memorandum of law filed in this Court, the Estate admitted in its "Facts" section, "Kimberly Nichole Strickland was named as the beneficiary on the Policy" and after Jacaruso and Strickland's divorce, "Mr. Strickland did not change the designated beneficiary on the Policy." (Doc. 27, p. 3, ¶¶ 4, 9.)  These same facts are "adopted" in the Estate's Answering Memorandum. (Doc. 29, p. 3.)

Nevertheless, at the eleventh hour, the Estate now asserts that there is no evidence that Jacaruso is the true designated beneficiary. The Estate cites to the Policy provision that permits the policy holder to "change the plan Beneficiary at any time, without the consent of the present Beneficiary," by use of a beneficiary change form filed through the contract holder with the change becoming effective on "the date the form is signed." According to the Estate, the only evidence of beneficiary designation is the computer screen shot and the Estate contends this evidence is insufficient to prove Jacaruso is the beneficiary because it is unsigned. The Estate reasons that, because the designation form is deficient, there was no designation of a beneficiary, and, under the Policy, Strickland's parents would be next in line to receive payment of the death benefit.

The Estate's argument is unpersuasive. The Estate has admitted that Jacaruso was the sole beneficiary under the Policy both during and after her marriage to Strickland. Under federal law, admissions in the pleadings are generally binding on the parties and the Court. *American Title Ins. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988). "Factual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them." *Id.* "Judicial admissions ... have the effect of withdrawing

---

[2] The Estate filed three complaints in Cochise County Superior Court. Prudential removed the Estate's Second Amended Complaint. All references to the Complaint in this Order are to the Second Amended Complaint which is found in the record at Doc. 1-3, pp. 19-26.

a fact from issue and dispensing wholly with the need for proof of the fact." *Id.* (quotations omitted). To qualify as a judicial admission, the admission must be deliberate, clear, and unequivocal. *Truckstop.Net, L.L.C. v. Sprint Communications Co.*, L.P., 537 F. Supp. 2d 1126, 1135 (D. Idaho 2008). The Estate's admission that Jacaruso was the sole beneficiary before and after her marriage to Strickland was deliberate, clear, and unequivocal. It therefore constitutes a judicial admission which the Estate cannot now retract.[3]

### 3. Interpleading of ERISA plan policy benefits does not authorize this Court to ignore the law governing distribution of those plan benefits.

The Estate acknowledges that ERISA requires that the plan administrator distribute death benefits "in accordance with the documents and instruments" of the plan. (Doc. 29, p. 6). The Estate contends, however, that Prudential discharged its fiduciary duties under ERISA by depositing the Policy proceeds with the Clerk of the Court, thereby choosing to let this Court make its decision as to whom payment should be made. Because the insurance proceeds "have left the hands of the plan administrator," the Estate contends that the Court is free to decide the matter on the basis of the facts before it and is not required to follow the ERISA mandate.[4] (Doc. 27, p. 7.)

An interpleader action is an equitable proceeding that permits a plan administrator to seek equitable relief to enforce terms of an ERISA plan. 29 U.S.C. § 1132(a)(3)(B)(ii).

---

[3] The Estate argues that it is not bound by its Complaint because it filed the pleading prior to receiving a copy of the beneficiary designation screen shot from Prudential. The Court rejects this suggestion as it is not a basis for setting aside an admission. *See American Title Ins.*, 861 F.2d at 226 (factual assertions in pleadings are binding unless amended). The Estate never sought to amend its pleading. Moreover, the Estate continued to admit Jacaruso was the sole named beneficiary long after it had received the copy of the screen shot as evidenced in its subsequently filed Memorandum and Answering Memorandum. (*See* Memorandum, Doc. 27, p. 3, ¶ 4; Answering Memorandum, Doc. 29, p. 3.)

[4] Implicit in the Estate's suggestion that the death benefits are more properly awarded to Strickland's parents is the argument that Jacaruso waived her rights to receive any life insurance proceeds in the divorce proceedings. Although the Estate asserted this waiver argument in the Complaint, the Estate does not develop this argument in any of the legal memorandum it filed with this Court. Notably, the two relevant provisions of the Dissolution Decree do not mandate a finding that Jacaruso waived the right to receive benefits should Strickland designate her as beneficiary. Under the Decree, Strickland was awarded his employment benefits and Jacaruso waived any interest she may have in such benefits; however, the Decree also provided that Strickland "may maintain any life insurance policies on his life and would be free to name the beneficiaries thereof."

1 Although an interpleader is an equitable action, "[a] court in equity may not do that which
2 the law forbids." *Petersen v. E.F. Johnson Co.,* 366 F.3d 676, 680 (8th Cir. 2004) (internal
3 citations omitted). "[W]herever the rights or the situation of parties are clearly defined and
4 established by law, equity has no power to change or unsettle those rights or that situation,
5 but in all such instances the maxim 'equitas sequitur legem' [equity follows the law] is
6 strictly applicable." *Id.* (internal citation omitted). This Court has found that Strickland
7 designated Jacaruso as the sole beneficiary of his life insurance policy. ERISA requires
8 distribution of policy benefits pursuant to the plan documents. The plan documents require
9 distribution of the death benefits to the named beneficiary. Whether judged by equity or law,
10 Jacaruso, as the designated beneficiary, is therefore entitled to the Policy benefits. *See Orr*
11 *v. The Prudential Ins. Co. of America*, 2012 WL 2122157 at *2 (D. Idaho June 12, 2012)
12 (equity is best served by disbursing the entire proceeds to the designated beneficiary); *see*
13 *also Union Sec. Ins. Co. v. Blakeley*, 636 F.3d 275, 276-77 (6th Cir. 2011) (if a court can
14 identify the beneficiary in the ERISA plan document, it need look no further to determine to
15 whom to distribute the plan benefits); *cf Kennedy*, 555 U.S. at 301 (ERISA's statutory scheme
16 seeks to simplify administration, ensure that beneficiaries receive plan benefits quickly, and
17 avoid litigation, including interpleader actions).
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

For the foregoing reasons, IT IS ORDERED that:

1. The Clerk of the Court shall disburse the sum of $455,000.00, plus interest accrued, by making a registry check payable to Kimberly Nichole Jacaruso. The Clerk of the Court shall send the check to the following address:

>Rushing Lopez & Lizardi, P.L.L.C.
>Sean E. Brearcliffe
>6363 North Swan Road, Suite 151
>Tucson, AZ 85718

2. The Clerk of the Court shall enter judgment accordingly and close its file in this matter.

Dated this 25th day of February, 2013.

_____
Jennifer G. Zipps
United States District Judge